**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

| | | |
|---|---|---|
| **RAILPROS FIELD SERVICES, INC.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 5:25-cv-00085-BJB** |
| | ) | |
| **RICHARD BELLEW and TRACK TECH,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### ANSWER OF DEFENDANT RICHARD BELLEW

---

COMES NOW the Defendant, Richard Bellew, by and through his undersigned counsel, and for his Answer to the Complaint, states as follows:

### JURISDICTION AND VENUE

1.      Mr. Bellew denies each and every allegation contained in Paragraph 1 of Plaintiff's Complaint except he admits that he was previously employed by Plaintiff as its Chief Safety Officer and a Senior Vice President.

2.      Mr. Bellew denies any allegations contained in Paragraph 2 of Plaintiff's Complaint that are inconsistent with the text of the documents attached as Ex. 1 and Ex. 2 to Plaintiff's Complaint, but he admits the allegations contained in Paragraph 2 of Plaintiff's Complaint asserting that he signed the documents attached as Ex. 1 and Ex. 2 to Plaintiff's Complaint, which speak for themselves.

3.      Mr. Bellew lacks knowledge or information sufficient to form a belief as to the truth of the allegations directed to Defendant Track Tech in Paragraph 3 of Plaintiff's Complaint and, therefore, denies same.  Mr. Bellew denies each and every remaining allegation contained in

Paragraph 3 of Plaintiff's Complaint except he admits the allegations that he separated from Plaintiff on May 3, 2025 and he accepted employment with Defendant Track Tech in January 2025, which Mr. Bellew affirmatively states was in a role that did not violate any obligations to Plaintiff.

4.      Mr. Bellew denies each and every allegation contained in Paragraph 4 of Plaintiff's Complaint.

5.      Mr. Bellew denies each and every allegation contained in Paragraph 5 of Plaintiff's Complaint.

6.      Mr. Bellew denies each and every allegation contained in Paragraph 6 of Plaintiff's Complaint suggesting that he has engaged in any acts or omissions giving rise to liability, but Mr. Bellew admits that Plaintiff seeks recovery under various legal theories.

## PARTIES

7.      Mr. Bellew lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and, therefore, denies same.

8.      Mr. Bellew denies the allegation contained in Paragraph 8 of Plaintiff's Complaint that he resides in Wyoming, but Mr. Bellew admits he transacts business on behalf of Defendant Track Tech.

9.      Mr. Bellew lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint, and, therefore, denies same.

## JURISDICTION AND VENUE

10.     Mr. Bellew lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint regarding Plaintiff's current annual revenues from the subject services, and, therefore, denies same.  Mr. Bellew denies each

and every remaining allegation contained in Paragraph 10 of Plaintiff's Complaint except he admits that he previously served as Plaintiff's Chief Safety Officer, which he affirmatively states does not benefit him or Defendant Track Tech in his current employment.

11.     Mr. Bellew states that the allegations contained in Paragraph 11 of Plaintiff's Complaint as to what "the parties may also look to" in "valuing the object of the litigation" as well as the allegation regarding potential damages are questions of law to which no response is required. To the extent a response is required, Mr. Bellew denies the allegations.  Mr. Bellew denies any allegations contained in Paragraph 11 of Plaintiff's Complaint that are inconsistent with the text of the document attached as Ex. 1 to Plaintiff's Complaint, but he admits he signed the document attached as Ex. 1 to Plaintiff's Complaint, which speaks for itself.  Mr. Bellew denies each and every allegation contained in Paragraph 11 of Plaintiff's Complaint claiming that Mr. Bellew violated or is violating any obligation to Plaintiff or that Plaintiff is entitled to any damages for any of its allegations against Mr. Bellew.

12.     Mr. Bellew denies the allegation contained in Paragraph 12 of Plaintiff's Complaint that he is a resident of Wyoming.  Mr. Bellew lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint regarding the citizenship of other parties, and, therefore, denies same.

13.     Upon information and belief, Mr. Bellew admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Mr. Bellew denies each and every allegation contained in Paragraph 14 of Plaintiff's Complaint claiming that Mr. Bellew violated or is violating any obligation to Plaintiff or that Plaintiff is entitled to any damages for any of its allegations against Mr. Bellew, but Mr. Bellew admits that venue is proper in this Court.

15.    Mr. Bellew lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint regarding the citizenship of other parties, and, therefore, denies same, but Mr. Bellew admits he works on behalf of Defendant Track Tech through its office in Kentucky and, therefore, jurisdiction is proper in this Court.

### FACTUAL BACKGROUND

16.    Mr. Bellew lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint regarding Plaintiff's corporate organization and its declaration of itself as "a national premier provider" and, therefore, denies same, but Mr. Bellew admits Plaintiff operates in the rail and transit industry across the United States.

17.    Mr. Bellew admits the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.    Paragraph 18 of Plaintiff's Complaint has no allegations addressed to Mr. Bellew. To the extent Paragraph 18 is intended to assert any claims against him, Mr. Bellew denies Plaintiff has any legally protectable interests that constitute trade secrets and further denies any suggestions of improper conduct on his part.

19.    Paragraph 19 of Plaintiff's Complaint has no allegations addressed to Mr. Bellew. To the extent Paragraph 19 is intended to assert any claims against him, Mr. Bellew denies any suggestions of improper conduct on his part.

20.    Paragraph 20 of Plaintiff's Complaint has no allegations addressed to Mr. Bellew. To the extent Paragraph 20 is intended to assert any claims against him, Mr. Bellew denies any suggestions of improper conduct on his part.

21.     Mr. Bellew admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Mr. Bellew denies the allegations contained in Paragraph 22 of Plaintiff's Complaint claiming he was "a nationwide leader," that he was involved in Plaintiff's marketing efforts, and that he was involved in "development" of anything, but Mr Bellew admits he trained employees, engaged in customer relations, and assisted with implementing certain new technologies.

23.     Mr. Bellew denies the allegations contained in Paragraph 23 of Plaintiff's Complaint that he "provided operational safety," but Mr. Bellew admits the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Mr. Bellew denies any allegations contained in Paragraph 24 of Plaintiff's Complaint suggesting that he used any of Plaintiff's alleged trade secrets, but he admits he likely could have accessed the alleged trade secrets.

25.     Mr. Bellew denies the allegation contained in Paragraph 25 of Plaintiff's Complaint that he had "substantial" contact with Plaintiff's customers, but Mr. Bellew admits he had contact with some of Plaintiff's customers for networking purposes.

26.     Mr. Bellew denies the allegations contained in Paragraph 26 of Plaintiff's Complaint that Plaintiff closely guards its pricing model as Plaintiff provides its pricing information to anyone who inquires.  Mr. Bellew lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's pricing model as Mr. Bellew has no knowledge of the pricing methods of either Plaintiff or Defendant Track Tech, and, therefore, denies same.  Mr. Bellew similarly lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's "information is extremely valuable to"

Plaintiff, and, therefore, denies same.  Mr. Bellew admits the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.    Mr. Bellew denies each and every allegation contained in Paragraph 27 of Plaintiff's Complaint that he had access to Plaintiff's pricing or how its software worked.  Mr. Bellew further denies each and every allegation that he used any of Plaintiff's alleged trade secrets to perform his duties, but he admits he likely could have accessed the alleged trade secrets.

28.    Mr. Bellew lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint, and, therefore, denies same.

29.    Mr. Bellew lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint regarding the steps Plaintiff takes to protect its alleged trade secrets, and, therefore, denies same.

30.    Mr. Bellew admits the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.    Mr. Bellew admits the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.    Mr. Bellew denies any allegation contained in Paragraph 32 of Plaintiff's Complaint that he played any role in Defendant Track Tech pursuing or setting up On-Track Safety or RWIC services, but Mr. Bellew admits the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.    Mr. Bellew denies the allegation contained in Paragraph 33 of Plaintiff's Complaint that he was responsible for Plaintiff's on-track safety program, but he admits he was in charge of the training.  Mr. Bellew denies the allegation contained in Paragraph 33 of Plaintiff's Complaint that he provided or that Defendant Track Tech needed his involvement to develop its own On-

Track Safety and RWIC services, which Defendant Track Tech developed with persons other than Mr. Bellew, who had no input into the project.

34.     Mr. Bellew denies each and every allegation contained in Paragraph 34 of Plaintiff's Complaint and states that Defendant Track Tech employs a separate training manager and Mr. Bellew's only contribution to training at Defendant Track Tech was to direct its employees to Plaintiff's website where they paid Plaintiff to take its training program for annual training required by federal regulation.

35.     Mr. Bellew further denies each and every allegation contained in Paragraph 35 of Plaintiff's Complaint that he used any of Plaintiff's alleged trade secrets to perform his duties, but he admits he likely could have accessed the information.  Mr. Bellew denies each and every remaining allegation contained in Paragraph 35 of Plaintiff's Complaint

36.     Mr. Bellew denies each and every allegation contained in Paragraph 36 of Plaintiff's Complaint that he has violated any obligations to Plaintiff, but he admits he has been employed by Defendant Track Tech in a capacity that does not use any information relating to Plaintiff.

37.     Mr. Bellew denies each and every allegation contained in Paragraph 37 of Plaintiff's Complaint.

38.     Mr. Bellew denies each and every allegation contained in Paragraph 38 of Plaintiff's Complaint except he admits he has been employed by Defendant Track Tech in a capacity that does not use any information relating to Plaintiff.

39.     Mr. Bellew denies each and every allegation contained in Paragraph 39 of Plaintiff's Complaint.

<u>**CAUSES OF ACTION**</u>

**COUNT I**
**BREACH OF CONTRACT**

7

**(against Bellew)**

40.     Mr. Bellew incorporates each and every response to Paragraphs 1 through 39 of this Answer as if set out fully herein.

41.     The allegations contained in Paragraph 41 of Plaintiff's Complaint are statements of law to which no response is required.  To the extent a response is required, Mr. Bellew denies each and every allegation contained in Paragraph 41 of Plaintiff's Complaint.

42.     The allegations contained in Paragraph 42 of Plaintiff's Complaint are statements of law to which no response is required.  To the extent a response is required, Mr. Bellew denies each and every allegation contained in Paragraph 42 of Plaintiff's Complaint.

43.     Mr. Bellew denies the allegations contained in Paragraph 43 of Plaintiff's Complaint that he used any of Plaintiff's alleged trade secrets, but he admits he likely had access to such alleged trade secrets during his employment with Plaintiff.  Mr. Bellew admits the remaining allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     Mr. Bellew denies each and every allegation contained in Paragraph 44 of Plaintiff's Complaint.

45.     Mr. Bellew denies each and every allegation contained in Paragraph 45 of Plaintiff's Complaint.

## COUNT II
## REQUEST FOR SPECIFIC PERFORMANCE
### (against Bellew)

46.     Mr. Bellew incorporates each and every response to Paragraphs 1 through 45 of this Answer as if set out fully herein.

47.     Mr. Bellew denies each and every allegation contained in Paragraph 47 of Plaintiff's Complaint.

48.    Mr. Bellew denies each and every allegation contained in Paragraph 48 of Plaintiff's Complaint.

49.    Mr. Bellew denies each and every allegation contained in Paragraph 49 of Plaintiff's Complaint.

**COUNT III**
**TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**
**(against Track Tech)**

50.    Mr. Bellew incorporates each and every response to Paragraphs 1 through 50 of this Answer as if set out fully herein.

51.    Mr. Bellew denies each and every allegation contained in Paragraph 51 of Plaintiff's Complaint that he has violated any obligation to Plaintiff, but he admits he signed certain agreements that purport to create obligations in favor of Plaintiff with which Mr. Bellew has complied in full.

52.    Mr. Bellew admits the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.    Mr. Bellew denies each and every allegation contained in Paragraph 53 of Plaintiff's Complaint.

54.    Mr. Bellew denies each and every allegation contained in Paragraph 54 of Plaintiff's Complaint.

55.    The allegations contained in Paragraph 55 of Plaintiff's Complaint are statements of law to which no response is required.  To the extent a response is required, Mr. Bellew denies each and every allegation contained in Paragraph 55 of Plaintiff's Complaint.

56.    The allegations contained in Paragraph 56 of Plaintiff's Complaint are statements of Plaintiff's desires to which no response is required rather than factual assertions.  To the extent

a response is required, Mr. Bellew denies each and every allegation contained in Paragraph 56 of Plaintiff's Complaint.

57.    Mr. Bellew denies each and every allegation set out in the Complaint that he has not expressly admitted.

58.    Mr. Bellew denies Plaintiff is entitled to any of the relief requested in the "WHEREFORE" section of the Complaint or any other relief.

## AFFIRMATIVE AND OTHER DEFENSES

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff first breached its contract with Mr. Bellew and, therefore, cannot enforce the contract for any subsequent violations, which are expressly denied.

3.    Plaintiff's alleged trade secrets to which Mr. Bellew had access were solely matters of regulatory compliance and not protectable, independent creations of Plaintiff.

4.    Plaintiff and Track Tech operate in different manners and are not competitors.

5.    Plaintiff has suffered no damages but, instead, has benefitted financially from Mr. Bellew's employment with Defendant Track Tech through Mr. Bellew's referrals of Plaintiff's programs for annual training.

6.    Mr. Bellew invokes the defenses of unclean hands, laches, estoppel, and waiver, as appropriate, based on facts to be identified through discovery.

WHEREFORE, the Defendant Richard Bellew respectfully demands as follows:

1.    Dismissal of the Plaintiff's Complaint in its entirety;

2.    Judgment in favor of Mr. Bellew and against Plaintiff;

5.    Mr. Bellew's costs herein expended, including a reasonable attorney's fee; and

6.    Any and all other relief to which Mr. Bellew may appear entitled.

10

Respectfully submitted,

_s/ D. Wes Sullenger_____
D. Wes Sullenger, KY BAR # 91861
TN BPR # 021714
IL ARDC No. 6322019

Sullenger Law Office, PLLC
2508 Jackson Street
Paducah, KY  42003
Voice: (270) 443-9401

wes@sullengerfirm.com

*Attorney for Defendant,*
*Richard Bellew*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of February, 2024, the foregoing was filed, via the Court's CM/ECF system, which will serve a notice of filing, on:

| Rita B. Robertson, Esq. Ogletree, Deakins, Nash, Smoak, & Stewart, P.C. 8529 Six Forks Road, Forum IV, Suite 600 Raleigh, NC  27615 | William S. Rutchow, Esq. Ogletree, Deakins, Nash, Smoak, & Stewart, P.C. Truist Plaza, Suite 1200 401 Commerce Street Nashville, TN  37219 |
|---|---|

s/ D. Wes Sullenger
D. Wes Sullenger