UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | | |
|---|---|---|
| RAILPROS FIELD SERVICES, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>RICHARD BELLEW AND<br>TRACK TECH, INC.,<br><br>Defendants. | ) | No. 5:25-cv-85-BJB-LLK |

**PROPOSED PROTECTIVE ORDER**

It is **HEREBY ORDERED** that:

1. This Order shall govern the use, handling and disclosure of all documents, testimony, or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") containing confidential information of Plaintiff and/or trade secrets, confidential research, development, technology or other proprietary information belonging to RailPros or Track Tech may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties in this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

4. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys' Eyes Only" and shall file them with the clerk under seal; provided, however that a copy of such filing having the confidential information deleted therefrom must be made part of the public record. The document shall be unsealed after thirty (30) days, unless any party files an appropriate Motion to Maintain Documents Under Seal pursuant to Civil Local Rule 5.6. Any party filing any document under seal must otherwise comply with the requirements of Civil Local Rule 5.6.

5. All documents, transcripts, or other materials containing confidential information of Plaintiff and/or trade secrets, confidential research, development, technology or other proprietary information belonging to RailPros or Track Tech and subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person, including the other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discuss any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its personnel; (d) court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

8. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(f) or 7(b) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

9. All persons receiving any or all documents produced pursuant to this Order shall be

advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein and are further enjoined from using the same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

11. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

13. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Civil Local Rule 37.1. If the dispute cannot be resolved, the parties must schedule a telephonic status conference with the Magistrate Judge concerning the dispute counsel have failed to resolve.

Counsel shall email Chambers at Judge_King_Chambers@kywd.uscourts.gov to identify the dispute and schedule the conference, copying all counsel of record. The email should not contain substantive legal arguments or recitations of the underlying facts and should treat opposing counsel with respect and professional courtesy. If the dispute persists after the telephonic conference, the party objecting to the designation may file a written motion seeking appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

14. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

15. Electronic Device Inspection. (a) Subject to FRCP 26 and 34, any party may request an inspection of electronic devices through standard written discovery procedures (including, but not limited to, mobile phones, laptops, and computers) in the possession, custody, or control of any other party or non-party that are reasonably believed to contain Confidential Information or Confidential-Attorneys' Eyes Only information. (b) A party from whom an inspection is sought

under this paragraph does not waive any objections under the FRCP or otherwise. (c) Upon a request under this paragraph, and subject to the resolution of any objections, the parties shall confer in good faith regarding the scope and procedures for a forensic examination of the identified devices by a mutually agreed-upon neutral third-party forensic expert at the Requesting Party's expense. If the parties cannot agree on the selection of a forensic expert, either party may seek resolution from the Court. (d) Any information extracted from such electronic devices shall be subject to the same confidentiality protections and restrictions set forth in this Order. (e) The Producing Party may designate any extracted materials as "Confidential" or "Confidential-Attorneys' Eyes Only" in accordance with Paragraphs 2 and 3 of this Order.

16. The Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Order at any time in the interest of justice.

___________________________
Magistrate Judge Lanny King

**EXHIBIT A**

DECLARATION OF COMPLIANCE

AGREEMENT CONCERNING INFORMATION COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

The undersigned hereby acknowledges that he/she has read the Confidentiality Order ("Order") in *RailPros Field Services, Inc. v. Track Tech, Inc., and Richard Bellew*, Civil Action No. 5:25-cv-85-BJB-LLK, and understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information made available to him/her other than in accordance with the Order.

Dated: ______________________, 20________

By: ____________________________________
Printed Name: ____________________________